UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINA M. GLINES-HANEY,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

Defendant.

NO. C16-1822RSL

ORDER AFFIRMING COMMISSIONER'S DECISION AND DISMISSING CASE

Plaintiff Kristina M. Glines-Haney appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a 41-year-old woman with a sixth-grade education. Administrative Record ("AR") at 195, 201. Her past work experience was as a cashier and a call center employee. AR at 201. Plaintiff was last gainfully employed in February of 2007. AR at 200.

Plaintiff filed applications for DIB and SSI on October 11, 2013. AR at 9. Plaintiff asserted that she was disabled due to post-traumatic stress disorder, anxiety, depression, attention deficit hyperactivity disorder, and bipolar disorder. AR at 200.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 9. Plaintiff requested a hearing, which took place on March 30, 2015. Id. On July 27, 2015, the ALJ issued a decision finding that plaintiff was not disabled based on her finding that plaintiff could perform past relevant work. AR at 9-25. Plaintiff's request for review by the Appeals Council was denied on September 22, 2016 (AR at 1-4), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On November 29, 2016, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

## III. EVALUATING DISABILITY

As the claimant, Ms. Glines-Haney bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## IV. DECISION BELOW

On July 27, 2015, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since October 31, 2002, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: post-traumatic stress disorder, depressive disorder not otherwise specified, attention deficit hyperactivity disorder ("ADHD"), polysubstance dependence, obesity, bilateral carpal tunnel syndrome, and headaches (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations: The claimant is able to lift and/or carry ten pounds frequently and 20 pounds occasionally. She is able to stand and/or walk for about six hours in an eight-hour workday with normal breaks. She is able to sit for about six hours in an eight-hour workday with normal breaks. She is able to perform work limited to frequent handling with her bilateral hands. In order to avoid headache triggers, she is able to perform work in areas that do not have fumes, odors, dusts, gases and/or poor ventilation. In order to meet ordinary and reasonable employer expectations regarding attendance, production, and workplace behavior, she is able to perform work limited to understanding, remembering, and carrying out unskilled, routine, and repetitive work. She is able to perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

5. The claimant is capable of performing past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2002, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

AR at 9-25.

## V. ISSUES ON APPEAL

The issues on appeal are:

A. Whether the ALJ erred in evaluating plaintiff's severe impairments.

B. Whether the ALJ erred in evaluating the medical evidence in the record.

Dkt. 9 at 2.

# VI. DISCUSSION

## A. Evaluation of Plaintiff's Severe Impairments

Plaintiff argues that the ALJ erred by failing to find plaintiff's personality disorder to be a severe impairment. See Dkt. 9 at 3-6. The Court finds no harmful error.

At step two of the sequential evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); SSR 85-28, 1985 WL 56856, at *3. The claimant has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An ALJ must still consider all medically determinable impairments, not just those determined to be severe, when assessing a claimant's RFC. See SSR 96-8p, 1996 WL 374184, at *2. Therefore, where an ALJ finds in a claimant's favor at step two, any error in failing to determine other impairments to be severe is harmless so long as the ALJ considered the limitations stemming from those impairments throughout the remainder of the analysis. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (finding that an ALJ's error is harmless where it is inconsequential to the ultimate disability determination).

Here, the ALJ found in plaintiff's favor at step two, determining that she had several physical and mental severe impairments. See AR at 11. Plaintiff argues that the opinions of Victoria McDuffee, Ph.D., and Richard W. Washburn, Ph.D., contain functional limitations that were attributable to plaintiff's personality disorder. See Dkt. 9 at 4-5. However, the ALJ evaluated Dr. McDuffee's opinion in assessing plaintiff's RFC and gave sufficient reasons to discount the opinion, as discussed below. See infra § VI.B.; AR at 21-22. The ALJ also evaluated and discounted Dr. Washburn's opinion for reasons plaintiff does not challenge. See Dkt. 9; AR at 22. Therefore, plaintiff does not meet her burden of establishing that any error by the ALJ in evaluating her severe impairments was harmful.

B. Evaluation of the Medical Evidence

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Dr. McDuffee. See Dkt. 9 at 6-11. The Court disagrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do

this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In September of 2013, Dr. McDuffee evaluated plaintiff and found that plaintiff was markedly limited in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms, maintain appropriate behavior in a work setting, communicate and perform effectively in a work setting, perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. See AR at 309-10. The ALJ gave Dr. McDuffee's opinion little weight because, among other reasons, the opinion was inconsistent with subsequent medical records indicating improved functionality with psychological treatment. See AR at 22.

An ALJ need not accept a physician's opinion if that opinion is inadequately supported by clinical findings or "by the record as a whole." See Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion."). Here, before specifically evaluating Dr. McDuffee's opinion, the ALJ provided a thorough discussion of the medical evidence regarding plaintiff's mental health impairments. See AR 17-21. The ALJ noted that upon initiating psychological treatment, plaintiff's subjective testing results indicated that she experienced no depression at times and mild or moderate depression at other times. See AR 18 (citing AR at 372, 377, 394-95). Plaintiff reported to providers that her medication was "working well" and that her ability to

concentrate had increased. See AR at 364. Plaintiff reported that she was able to engage in regular Bible study, outreach work with her church, and part-time work in a thrift store. See AR at 364, 398. Mental status examination results indicated that plaintiff was fully oriented with an appropriate appearance and had intact memory, cooperative attitude, and an ability to maintain adequate attention. See AR at 368. Treatment notes indicated that her depression spiked during one period of failing to take her medication but later returned to mild levels with resumed treatment. See AR at 421, 428, 445. Plaintiff later reported that she was still "doing well" on her ADHD medication. See AR at 431.

Plaintiff points to other treatment notes indicating that she still suffered from symptoms of her anxiety and ADHD despite psychological treatment. See Dkt. 9 at 10-11. However, while another rational interpretation of the medical evidence may be more favorable to plaintiff, the Court may not substitute its judgment for that of the Commissioner's where the ALJ's interpretation is also rational. See Thomas, 278 F.3d at 954. Substantial evidence supports the ALJ discounting Dr. McDuffee's opinion that plaintiff had marked mental limitations because the severity of the limitations was inconsistent with the treatment record as a whole. Therefore, the ALJ did not err in evaluating the medical evidence.

## VII. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is AFFIRMED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

Dated this 17th day of August, 2017.

Robert S. Lasnik
United States District Judge